THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS JEFFERSON, Defendant-Appellant.

(No. 57357; ■■■■■■

First District—November 29, 1972.

Edward J. Bradley, Jr., of Bradley & Bradley, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and William K. Hedrick, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal was transferred to this court by the Supreme Court. The petitioner, Thomas Jefferson, appeals from an order entered in the Circuit Court of Cook County dismissing a post-conviction petition.

Thomas Jefferson was indicted in 1963 for the crime of armed robbery. Initially, the defendant was represented by the Public Defender. Prior to a jury trial, which commenced on June 19, 1964, the Public Defender informed the trial court that the defendant wished to represent himself. At this point, the trial court attempted to ascertain whether the defendant would like an attorney, other than the Public Defender, appointed to represent him. The defendant declined the offer and insisted on representing himself. Following the trial, the jury found Jefferson guilty and the trial court sentenced him to term of from ten to twenty years in the Illinois State Penitentiary.

Pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, sec. 122), the defendant filed a petition requesting post-conviction relief. In March, 1970, an evidentiary hearing was held to consider whether relief should be granted based on that petition. At the hearing, the trial court heard arguments arising from the several allegations contained in the post-conviction petition and dismissed the petition. The defendant herein appeals from that dismissal.

The sole issue presented on review is whether the defendant, Thomas Jefferson, knowingly waived his right to counsel. The defendant contends the trial court did not conduct an inquiry which was sufficiently thorough to determine his waiver of counsel was knowingly and intelligently made. In support of this contention, the defendant relies on the case of *Von Moltke v. Gillies* (1948), 332 U.S. 708, wherein the constitutional right of an accused to be represented by counsel was discussed at length. The court in *Von Moltke v. Gillies* stated:

> "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility."

In light of this language, the petitioner in the instant case contends the trial court's investigation into whether his waiver of counsel was knowingly and intelligently made was not as long and as thorough as the circumstances of the case demanded.

■■ It appears from a close examination of the record in the instant case that the petitioner's contention is not well taken. The record is replete with instances which reflect the trial court's determination to make sure the petitioner's waiver of counsel was knowingly and intelligently made. The record reflects the trial court's attempt at all stages of the trial to make available to the petitioner the necessary counsel to best carry on his defense. One such attempt is the offer by the trial court to help the petitioner secure a Bar Association attorney following the petitioner's refusal to be represented by the Public Defender. The trial court's insistence that the Public Defender remain with the petitioner during the trial in order that he might be of assistance to the petitioner is yet another example of the court's attempts to aid the petitioner.

■■ From the record before us, we cannot accept the petitioner's contention that his waiver of counsel was not knowingly and understandingly made. Furthermore, we take judicial notice of the decision in the case of *People v. Jefferson* (1966), 69 Ill.App.2d 490 (Abstracted), an earlier appeal taken by the instant petitioner. In that opinion, although the argument relating to waiver of counsel was not specifically raised by the petitioner, the court noted:

> "On examining the whole record it appears that the trial judge was especially considerate of the rights of the defendant."

We therefore reject the petitioner's contention that his waiver of counsel was not knowingly and understandingly made.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.